## FIRST NAT. BANK, DEL RIO, TEX., v. COMPANIA OCCIDENTAL DE ALMACENAJE, S. A.

(Circuit Court of Appeals, Fifth Circuit. January 13, 1925. Rehearing Denied February 10, 1925.)

No. 4315.

**Banks and banking** ⊙⟞154(9)—**Question of negligence held for jury.**

Whether defendant bank was negligent in failing to obtain possession of gold coin, shipped to a third party, subject to defendant's orders for sale by defendant and placing of proceeds to plaintiff's credit, during a period of 14 days and before the failure of the third party and the loss of the coin, *held*, under the evidence, a question for the jury.

In Error to the District Court of the United States for the Western District of Texas; DuVal West, Judge.

Action at law by the Compania Occidental de Almacenaje, S. A., against the First National Bank, Del Rio, Tex. Judgment for plaintiff, and defendant brings error. Reversed.

For prior opinion, see 285 F. 333.

W. B. Teagarden, of San Antonio, Tex., and Walter F. Jones, of Del Rio, Tex., for plaintiff in error.

Zach Lemar Cobb, of Los Angeles, Cal., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. When this case was here on a former writ of error, a judgment in favor of the defendant was reversed, on the ground that the court erred in directing the verdict in pursuance of which that judgment was rendered. Compania Occidental de Almacenaje, S. A., v. First National Bank, 285 F. 333. In the trial which resulted in the judgment now under review, the court directed a verdict in favor of the plaintiff. That ruling is assigned as error.

For a statement of the circumstances under which the claim asserted arose, reference is made to the opinion rendered when the case was here before. As disclosed by that opinion, the defendant in the case was sought to be charged with liability for the value of $17,000 of Mexican gold coin, which, pursuant to an arrangement between plaintiff and defendant, was made subject to the latter's disposition by a shipment thereof by the plaintiff to Tinoco & Co., at Juarez, Mexico, who, on December 9, 1920, notified defendant that they held such coin subject to defendant's instructions. The coin was lost as a result of Tinoco & Co.'s failure on December 23, 1920. This court ruled to the effect that the defendant was liable if the loss of the coin was due to its negligence in permitting the coin to remain in the possession of Tinoco & Co. until that firm failed, with the result that after such failure neither the coin nor the value of it could be recovered by the defendant. The placing of the coin with Tinoco & Co. in the manner disclosed, with the result of making it subject to the orders of the defendant, was for the benefit of both the plaintiff and the defendant, and cast upon the latter the duty to exercise care and diligence to safeguard the property so made subject to its control. Preston v. Prather, 137 U. S. 604, 11 S. Ct. 162, 34 L. Ed. 788; 7 C. J. 632, 643.

Evidence in the last trial tended to prove that during the interval between December 9 and December 23 the defendant was making efforts to sell the coin at a price satisfactory to the plaintiff. Whether the defendant was or was not negligent in permitting the coin to remain in the custody of Tinoco & Co. for the period mentioned was a question for the jury under the evidence adduced in the last trial. It cannot properly be said that uncontroverted evidence showed that the defendant was negligent in permitting the coin to remain in the custody of Tinoco & Co. while efforts were being made to effect a satisfactory sale of it. The above-mentioned ruling was erroneous, in that it had the effect of improperly withholding from the jury a question of fact, which should have been submitted to it under appropriate instructions.

Because of that error, the judgment is reversed.